UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:   15-76** |
| **ERNESTO MORENO** | **SECTION: "N" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to issue a Report and Recommendation on the modification of the bond set for the Defendant. *See* R. Doc. 160.

**I.   Background**

This matter arises out of the indictment of Ernesto Moreno along with other individuals for the alleged distribution and possession with the intent to distribute 500 grams of methamphetamine, a Schedule II drug controlled substance, in violation of Title 21, U. S. C. Section 846.

On October 8, 2015, an arrest warrant was issued in the Eastern District of Louisiana for the arrest of Ernesto Mareno in connection with the aforementioned indictment and on March 25, 2016, Moreno was arrested in California. (R. Doc. 141) On March 28, 2106, the Honorable United States Magistrate Judge Frederick F. Mumm in the Central District of California placed Moreno on $50,000 bond.

On April 25, 2016, Moreno was arrested by the San Fernando City Police Department for attempting to open the vehicle of an individual with an unknown key.  Moreno was observed bleeding from his hand and forehead.  At the time of the police officers' arrival, Moreno was observed in the driver seat of newer model white Mercedes 4-door with no license plate.  As the

officer approached the vehicle he observed in plain view a clear plastic baggie containing a white crystalline substance resembling Crystal Methamphetamine and also observed loose cash soiled in blood resting on the passenger seat near the backpack.  The officer also located Xanax and Promethazine in the vehicle. Thereafter, on April 28, 2016, Judge Mumm issued a bench warrant for the arrest of Moreno for the violation of that same bond. (R. Doc. 16)

On May 2, 2016, an initial appearance and detention hearing took place in this court with counsel appearing for Mr. Moreno. (R. Docs. 148 and 150) The circumstances of the information provided to the undersigned indicated that Moreno violated the terms of his conditions for release out of California.  Particularly, he was found in a white vehicle with drugs, under the influence, and with a bag full of money.  Counsel for Moreno argued for release of Moreno subject to inpatient drug treatment which was considered by the undersigned but denied due to his continued violations of the terms of his bond release.

Further, the government and pretrial services officer recommended detention on the basis that he has no ties to Louisiana and is a lifetime resident of California.  In addition to the lack of ties to the area the pretrial services officer pointed out that there was a pending warrant for Moreno's arrest on state charges, frequent foreign travel, and ties to Mexico which was suggestive of risk of nonappearance.  Additionally, Moreno's prior criminal history indicates that he has had four prior convictions regarding controlled substances. The pretrial services officer concluded that there were no set of conditions or combination of conditions to reasonable assure his appearance in court or the safety of the community.

Mr. Fuqua, counsel for Mr. Moreno, argued that he voluntarily appeared before this court and that he had just been informed of the warrant.  Mr. Fuqua contended that Moreno should have been placed in inpatient drug treatment.

The undersigned denied Moreno's request for bond noting that he violated condition 7 and 8 of the earlier pretrial release order issued on April 28, 2016. As a result, Moreno was ordered to be held without bail pending his trial on the instant offense. The matter was thereafter referred to the undersigned for the preparation of a report and recommendation for the detention order for compliance with 3142(f).

**II.    Analysis**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.,* provides two mechanisms for challenging a detention order prior to review by a court of appeals – 18 U.S.C. §§ 3142(f) and 3145(b). *See United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir.2003). A "judicial officer" shall determine at the hearing whether any combination of conditions will reasonably assure both the defendant's appearance before the court and the safety of the community. 18 U.S.C. § 3142(f). Section 3142(f) provides the following mechanism for review of an initial detention order:

The hearing may be reopened, before or after a determination *by the judicial officer,* at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f) (emphasis added).

In this case, Moreno was arrested in California and released on bail of $50,000 by U.S. Magistrate Judge Mumm. The order required Moreno to refrain from further drug use and illegal activity. He was later brought to this court in the charging district for an initial appearance and detention hearing arising out of the drug possession charges pending in this district. As part of the detention considerations, the pretrial services officer advised the court that while he was on bond

from California and that during the bond release he was arrested for possession of methamphetamine, found with a sack full of cash, and appeared to be under the influence. Because the undersigned is not the same magistrate judge who initiated the initial bond order, it is recommended that for the reasons assigned above that Moreno be held pending further proceedings in this matter.

### III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Ernesto Moreno be held without bond for further proceedings in this matter.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**