UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-76 |
| ERNESTO MORENO<br>BRUCE MCDANIEL | SECTION "N" (4) |

### ORDER AND REASONS

Presently before the Court is "Ernesto Moreno's Motion to Sever with Request for Expedited Consideration and Statement of Opposition to Continuance" (Rec. Doc. 248) filed by Defendant Ernesto Moreno, which the Government opposes. *See* Rec. Doc. 274. Having carefully considered the parties' supporting and opposing submissions, the record, and applicable law, **IT IS ORDERED** that the motion is **DENIED** for the reasons stated herein.

I. **BACKGROUND**

In the instant matter, a grand jury returned a nine-count Second Superseding Indictment for violations of the Federal Controlled Substances Act on October 8, 2015, naming Defendants Darrin Wright, Paul McNeary, Bruce McDaniel, Celeste Crow, Oscar Guevara-Martin, and Ernesto Moreno.[1] *See* Rec. Doc. 100. Defendant Ernesto Moreno ("Moreno") was only charged in Count One, which charged all Defendants with knowingly and intentionally combining, conspiring, confederating, and agreeing with other persons known and unknown to the Grand Jury

---

[1] At this time, four other codefendants—Darrin Wright, Robert Case, Oscar Guevara-Martin, and Paul McNeary – have pleaded guilty. *See* Rec. Doc. 49, Rec. Doc. 221, Rec. Doc. 227, and Rec. Doc. 235. However, one additional codefendant, Celeste Crow, has not pleaded guilty.

1

to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); all in violation of 21 U.S.C. § 846. *Id*.

On March 2, 2017, Codefendant Bruce McDaniel ("McDaniel") filed a "Motion for Continuance of Trial" (Rec. Doc. 247) that was scheduled to begin on March 20, 2017, which was not opposed by the Government but opposed by Moreno. In response, Moreno filed the motion presently before the Court that: (1) requested severance of Moreno from any and all remaining codefendants; (2) requested expedited consideration of his motion; and (3) opposed McDaniel's motion to continue by asserting his right to a speedy trial under the Speedy Trial Clause of the Sixth Amendment and under the Speedy Trial Act. *See* Rec. Doc. 248-1.

Thereafter, this Court granted McDaniel's "Motion for Continuance of Trial" on March 6, 2017, finding that the failure to grant the requested continuance would result in a miscarriage of justice based on the reasons given in the motion, the need for additional time for effective preparation by counsel, and the late date in which a motion to sever was filed. (Rec. Doc. 249). In response, Moreno filed a motion for reconsideration. (Rec. Doc. 256). In that motion, Moreno argued that (1) the motion to continue was mistakenly referred to as the Government's motion in this Court's order granting the continuance; (2) although McDaniel's counsel may need additional time for effective preparation, that finding was irrelevant to the Speedy Trial rights asserted by Mr. Moreno, who wishes to exercise his Constitutional right to a Speedy Trial; (3) the late date in which the motion was filed was attributable to the Government rather than Moreno; and (4) the Court's need to review and decide on the motion to sever does not substantially outweigh Mr. Moreno's Constitutional right to a Speedy Trial. *Id*.

This Court denied the motion for reconsideration on March 17, 2017, finding that it was necessary for Court to carefully consider the motion to sever before proceeding to trial and for the Government to have the opportunity to respond to such motion. (Rec. Doc. 275). Thereafter, the Government filed an opposition to Moreno's motion to sever, which was set for submission on March 29, 2017. *See* Rec. Doc. 274.

II. **LAW AND ANALYSIS**

In his motion to sever presently before the Court, Moreno sets forth several arguments, albeit only citing authority from the Ninth Circuit. *See* Rec. Doc. 248-1. Moreno argues that his trial should be severed from that of Codefendant McDaniel because they were not properly joined as codefendants under Rule 8 of the Federal Rules of Criminal Procedure. *Id*. at p. 2-3.

Moreno further posits that his trial should be severed from that of McDaniel because joinder is prejudicial for four reasons. *Id*. at p. 4. First, Moreno maintains that without severance, he and McDaniel will offer irreconcilable, mutually exclusive defenses. *Id*. Second, Moreno contends that joinder is prejudicial because he will be denied access to the exculpatory testimony of McDaniel since he will not have the right to call his codefendant to testify. *Id*. Third, Moreno argues that his rights to confront and cross examine witnesses under the Sixth Amendment are nullified without a severance. *Id*. Fourth, Moreno argues that without a severance, the jury may find him guilty by association, impinging on his due process rights. *Id*.

a. **Joinder of Defendants Under Federal Rule of Criminal Procedure 8(b)**

Moreno first argues that he and McDaniel have been improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. Specifically, Rule 8(b) provides that,

> [t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or

> transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b). In determining whether the counts charged fulfill this "same series" requirement under Rule 8, the Court must accept the facts alleged in the indictment as true, absent arguments of prosecutorial misconduct. *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994). Proper joinder under Rule 8 does not necessitate that that each defendant be charged in every count of the indictment or require allegations that the defendants "participated in the same act or acts." *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012) (quoting *United States v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996)). Rather, proper joinder only requires "a series of acts unified by some substantial identity of facts or participants." *Id*. (internal citations and quotation marks omitted). This Court must examine the "relatedness of the facts underlying each offense" in order to determine whether the "same series" requirement has been fulfilled. *Id*. (quoting *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985)). Furthermore, "[w]hen the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder is proper." *Id*. (quoting *Harrelson*, 754 F.2d at 1176-77).

Moreno contends that joinder is improper in this case because he and McDaniel are unknown to one another, and there is a lack of evidence to support their roles in the conspiracy as alleged. (Rec. Doc. 248-1 at p. 3). However, as the Government argues in its opposition, the commonality of the time period, location, and involvement of several of the same defendants support a finding that the indictment has charged a series of acts "unified by some substantial identity of facts or participants." *See* Rec. Doc. 274 at p. 3.

Specifically, Count One, the conspiracy charge, alleges that the time period at issue began at a date unknown and continued until on or about March 27, 2015. (Rec. Doc. 100). Furthermore,

Count One charged Moreno, McDaniel, and four codefendants with conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in the Eastern District of Louisiana and elsewhere. *Id*. Count Two, which charges McDaniel and two of the codefendants named in Count One with use of a communication facility in furtherance of a conspiracy to distribute and possess with the intent to distribute methamphetamine in the Eastern District of Louisiana and elsewhere, alleges that the time period at issue began at a time unknown and continued until on or about December 19, 2014. *Id*. Therefore, the time periods of the alleged activity in Counts One and Two are overlapping, and these counts involved several of the same participants. *See United States v. Reed*, Criminal Action No. 15-100, 2016 WL 6946983, at *35 (E.D.La. Nov. 28, 2016) ("[T]he conduct alleged in the Campaign counts and the Hospital counts occurred during the same time period and involved several of the same people . . .Thus, joinder of all charges in the Superseding Indictment is proper under Rule 8 because the facts and participants underlying all counts are substantially related."). Thus, given, the substantial relationship of the facts and participants, joinder of Codefendants Moreno and McDaniel is proper under Rule 8 of the Federal Rules of Criminal Procedure.

### b. **Prejudicial Joinder of Defendants**

Moreno further contends that he and McDaniel's joint trial should be severed because joinder is prejudicial. Generally, it is the rule for those who are indicted together to be tried together. *McRae*, 702 F.3d at 821. There is a preference for joint trials of defendants who have been indicted together because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id*. (quoting *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)) (internal quotation marks omitted). However, under Rule 14 of the Federal Rules of Criminal Procedure, "[i]f the joinder of offenses

or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice required." Fed.R.Crim.P. 14(a). Furthermore, the district court should order severance "only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. (internal citation omitted).

First, in support of his argument that severance is necessary to avoid prejudice caused by joinder, Moreno contends that he and McDaniel will offer mutually exclusive defenses. Put simply, "[i]n order to compel severance on the theory that defenses are mutually antagonistic, the defense of one party, if believed, must necessarily indicate the guilt of the other party." *United States v. Stotts*, 792 F.2d 1318, 1321 (5th Cir. 1986). While Moreno cites an abundance of Ninth Circuit law on two codefendants claiming innocence and seeking to prove that the other committed the crime, Moreno offers no argument as to the existence of any mutually antagonistic defenses that he and McDaniel plan to offer at trial. *See* Rec. Doc. 248-1 at p. 5. Specifically, Moreno only states that severance is appropriate because "[u]nder these circumstances, severance of the cases is appropriate to ensure that the jury can 'assess the guilt or innocence of the defendants on an individual and independent basis.'" *Id*. (internal citation omitted). Therefore, based upon Moreno's failure to allege any facts indicating the codefendants' plan to offer mutually antagonistic defenses at trial, this argument fails.

Second, Moreno maintains that joinder is prejudicial because he will be denied the ability to elicit the exculpatory testimony of McDaniel since he will not have the right to call his codefendant to testify. *Id*. However, in order to obtain a severance based upon the alleged need for a codefendant's exculpatory testimony, Moreno must demonstrate (1) a bona fide need for the

testimony; (2) the substance of McDaniel's testimony; (3) the exculpatory effect of McDaniel's testimony; and (4) an indication that McDaniel would testify if the trial was severed. *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012). However, "without an affidavit from the co-defendant himself or other similar proof, 'conclusory allegation[s]' that a co-defendant would testify and what he or she would testify about is not sufficient." *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007). In addition, a statement made by a defendant's attorney is insufficient to establish a codefendant's willingness to testify or substance of such testimony. *Owens*, 683 F.3d at 100.

While Moreno argues that if he and McDaniel's joint trial was severed he could and would call his codefendant to testify, he fails to allege specific facts or provide proof that McDaniel would testify or to what McDaniel would testify. (Rec. Doc. 248-1 at p. 5-7). Moreno has failed to attach an affidavit or any similar proof supporting such contention that McDaniel would offer favorable testimony if a severance was granted. Therefore, since unsupported claims that a codefendant would offer favorable testimony are not a sufficient basis upon which to grant severance, Moreno's argument fails.

Third, Moreno argues that his rights to confront and cross examine witnesses under the Sixth Amendment are nullified without a severance. (Rec. Doc. 248-1 at p. 7-8). Moreno cites the *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) opinion in support of the contention that the admission of a pretrial confession of one codefendant in a joint trial, which implicates the other codefendant, is not proper unless the confessing defendant testifies.

As an initial matter, "*Bruton*'s objective is to protect a criminal defendant's Sixth Amendment right to confront and cross-examine the witnesses against him. Only [testimonial statements] cause the declarant to be a 'witness' within the meaning of the Confrontation Clause." *United States v. Nunez*, Criminal Action No: 14-284, 2016 WL 3167657, at *3 (E.D.La. June 7,

2016). Therefore, to determine whether a defendant's statements implicate *Bruton*, the Court must determine if the statements are testimonial in nature. *Id*. In the instant matter, Moreno has again alleged no facts indicating the existence of any testimonial statements made by McDaniel. Rather, Moreno contemplates a hypothetical situation in which the Government may seek to introduce statements by a codefendant that mention him. (Rec. Doc. 248-1 at p. 7). Therefore, Moreno's unsupported argument under *Bruton* fails.

Fourth, Moreno argues that without a severance, the jury may find him guilty by association, impinging on his due process rights. (Rec. Doc. 248-1 at p. 8). However, "the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). Rather, it is necessary for the defendant to demonstrate that "clear, specific, and compelling prejudice" will result in an unfair trial without severance. *United States v. Flowers*, 304 F.R.D. 501, 506 (E.D.La. 2015). Furthermore, while the district court has the responsibility to guard against undue prejudice, "it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *Id*. (quoting *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998)). "Less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. As long as it is possible for the jury to "separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, severance should not be granted." *United States v. Ramirez*, 145 F.3d 345, 354–55 (5th Cir.1998) (citing *United States v. Walters*, 87 F.3d 663, 670–71 (5th Cir.1996)).

In the instant matter, Moreno argues that the jury cannot reasonably be expected to compartmentalize the evidence as it relates to him alone. (Rec. Doc. 248-1 at p. 9). However, rather than offering specific facts or indications of compelling prejudice, Moreno alleges that his rights

may only be protected by a severance since he will "likely be prejudiced by evidence admissible only against his co-defendant." *Id*. However, such a general allegation is not a sufficient basis upon which to grant severance. Therefore, Moreno's final argument in favor of severance fails.

    **c.** **Right to a Speedy Trial Under the Speedy Trial Act and the Speedy Trial Clause of the Sixth Amendment**

Moreno's motion to sever also contains an opposition to McDaniel's motion to continue, in which he asserts his rights to a speedy trial. *See* Rec. Doc. 248-1 at p. 9. While the motion to continue has already been granted by this Court, this Court will address Moreno's assertion of his right to a speedy trial under the Speedy Trial Act and the Speedy Trial Clause of the Sixth Amendment.[2] With regard to Moreno's rights under the Speedy Trial Act,

> The Speedy Trial Act requires that a court conduct a defendant's trial within seventy days of the indictment or when the defendant first appears before the court, whichever is later. 18 U.S.C. § 3161. Certain actions, however, toll the seventy-day clock. *United States v. Parker*, 505 F.3d 323, 326 (5th Cir.2007). For example, Section 3161(h)(6) provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

---

[2] The Court construes Moreno's statements concerning his speedy trial rights as another basis for severance. *See United States v. Carter*, Criminal Action No. 12-198, 2015 WL 1897613, at *1-4 (E.D.La. Apr 27, 2015). In his motion to sever, he objects to a continuance stating,

> Mr. Moreno opposes co-Defendant Bruce McDaniel's Motion to Continue the current set trial date [Doc. 247]. Mr. Moreno asserts his right to a speedy trial under the Speedy Trial Clause of the Sixth Amendment to the United States Constitution as well as the Speedy Trial Act under 18 United States Code section 3161. Mr. Moreno is ready to proceed with trial as set.

Rec. Doc. 248-1. In addition, in the motion for reconsideration, Moreno again asserts his rights to a speedy trial stating that he "is ready to proceed as set and wishes to exercise his Constitutional right to a Speedy Trial." (Rec. Doc. 256-1). Moreno further argues that the Court's need to review and decide a motion to sever does not substantially outweigh his Constitutional Right to a Speedy Trial. *Id*. Therefore, this Court analyzes Moreno's assertion of his speedy trial rights as another basis for severance.

> This means that "the excludable delay for one codefendant may be attributable to all codefendants." *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir.2007). Attribution of the excludable delay from one codefendant to another is not automatic; rather, the period of delay must be reasonable. *Id*. The reasonableness of the delay can be measured in reference to either (1) "the totality of the circumstances prior to trial," or (2) "the actual prejudice suffered" by the defendant as a result of the delay. *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir.1998). "In examining the totality of the circumstances of the case, [the] inquiry focuses on the necessity of the delay, giving proper consideration to the purpose behind [§ 3161(h)(6) ]-accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir.2002) (quoting *Franklin*, 148 F.3d at 457). "With respect to the prejudice analysis, relevant considerations include whether the delay impaired the appellant's ability to defend himself or resulted in excessive pretrial incarceration." *Franklin*, 148 F.3d at 457.

*See United States v. Carter*, Criminal Action No. 12-198, 2015 WL 1897613, at *2 (E.D.La. Apr 27, 2015). Therefore, while Moreno contends that he is ready to proceed with trial and asserts his rights under the Speedy Trial Act, the excludable delay for McDaniel is attributable to Moreno since no motion to sever has been granted, and such delay is reasonable under the circumstances. In examining the reasonableness of the delay and the totality of the circumstances, the Court notes that prior to Defendant's opposition to the continuance granted on March 6, 2017 (Rec. Doc. 249), Defendant has not opposed other requests for continuances. *See* Rec. Doc. 119, Rec. Doc. 131, Rec. Doc. 197, Rec. Doc. 211. Furthermore, Moreno has motioned this Court for a continuance on January 8, 2016, in light of a need for more time to adequately prepare for trial. *See* Rec. Doc. 163. Therefore, the record indicates that Moreno has not previously opposed the pretrial delay, and in one circumstance, has contributed to the delay in this case. *See Carter*, 2015 WL 1897613 at * 3 ("As an initial matter, the Court finds that the totality of the pretrial circumstances in this case allow the Court to reasonably attribute the pretrial delay to Carter . . . In his motion, Carter complains that 'trial has been continued numerous times,' but omits that he has either moved the Court for these continuances or joined his codefendants' motions to continue."). In addition,

Moreno has not put forth any arguments in this motion, or the motion for reconsideration regarding the continuance granted on March 6, 2017, that he has suffered any prejudice due to the delay.[3]

Moreover, Moreno has also contributed to the length of the pretrial delay by his filing of the instant motion to sever, as the Court's consideration of pretrial motions is an excludable delay under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(1)(D), the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," is excludable time in calculating the time within which trial must commence for a defendant. The filing of such motion further supports this Court's conclusion that Moreno has contributed to the pretrial delay. Therefore, for these reasons, the Court finds that proceeding with a joint trial has not compromised Moreno's Speedy Trial Act rights, and a severance is not necessitated by these circumstances.

In addition to his rights under the Speedy Trial Act, Moreno also asserts his right to a speedy trial under the Sixth Amendment. In analyzing Sixth Amendment speedy trial claims, the Supreme Court, in its *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) opinion, has set forth four factors to consider: "(1) the length of the delay, (2) the reason for [it], (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay." *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006) (quoting *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002)) (internal quotation marks omitted). When undertaking a "full *Barker*-analysis," a court will look to the first three factors in determining whether prejudice will be presumed or whether actual prejudice must be shown. *Id*.

---

[3] While Moreno states that he is ready to proceed to trial and asserts his rights to a speedy trial, he puts forth no substantive arguments regarding the pretrial delay being unreasonable or causing him to suffer actual prejudice. The only potential argument that Moreno makes is that he remains in custody asserting his innocence in this matter.

(citing *United States v. Frye*, 372 F.3d 729, 736-37 (5th Cir. 2004)). When the first three factors weigh heavily in the defendant's favor, prejudice will be presumed. *Id*.

With regard to the first factor concerning the length of the delay, approximately twenty months will pass between the date in which Moreno was named in the Second Superseding Indictment (Rec. Doc. 100) and trial, which is presently set to begin on June 26, 2017. This length of delay is too short to weigh in favor of presuming prejudice. *See Hernandez*, 457 F.3d at 421 ("As to the first factor, the fourteen-month delay . . . is far too short to weigh in favor of presuming prejudice."); *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003) ("[T]his Court and others generally have found presumed prejudice only in cases in which the post-indictment delay lasted at least five years . . . In the instant case, the delay between indictment and trial was, at most, only three years and nine months, considerably less than the delay in the cases cited above . . . Accordingly, the length of delay factor of the *Barker* balancing test does not weigh heavily in Serna's favor."). Therefore, the first factor does not weigh heavily in Moreno's favor.

Moreover, in evaluating the second factor involving the reason for the delay, Moreno has not opposed other continuances and has moved for a continuance in this matter on one occasion. The Government and codefendants have moved for continuances in order to adequately prepare for trial and to continue to conduct negotiations for appropriate resolution of the matter. *See* Rec. Doc. 131, Rec. Doc. 163-1, Rec. Doc. 197, Rec. Doc. 211. Therefore, as discussed previously, Moreno has in fact contributed to the delay in this case, which would certainly not warrant this factor weighing heavily in Moreno's favor to the point where prejudice would be presumed. *See Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994) (citing *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192.) ("Where the state advances valid reasons for the delay, or the delay is attributable to acts of the defendant, this factor is weighed in favor of the state.").

Next, in evaluating Moreno's diligence in asserting his Sixth Amendment Right, this factor does not weigh in Moreno's favor. As detailed above, Moreno has either joined in requests for continuances or has moved the Court for the continuance. *See Carter*, 2015 WL 1897613, at * 4 ("Carter either moved for a continuance or joined in a codefendants' motion to continue every time trial has been continued in this matter. . . it can hardly be said that Carter has diligently asserted his speedy trial rights."). Therefore, as the record demonstrates that he has not diligently asserted his speedy trial rights, this factor also does not weigh in Moreno's favor.

Given that the first three factors do not weigh heavily in Moreno's favor, Moreno must then make a showing of actual prejudice. *See Cowart*, 16 F.3d at 647. The only argument that Moreno advances in this regard is that he remains in custody and asserts his innocence in this matter. *See* Rec. Doc. 256-1. Therefore, such argument is hardly sufficient to demonstrate Moreno has suffered actual prejudice under these circumstances. Furthermore, this Court finds that Moreno's speedy trial rights have not been violated, and proceeding with a joint trial has not compromised such rights. Therefore, a severance is not warranted under such circumstances.

### III. CONCLUSION

Accordingly;

"Ernesto Moreno's Motion to Sever with Request for Expedited Consideration and Statement of Opposition to Continuance" is **DENIED** for the reasons stated herein.

New Orleans, Louisiana, this 22nd day of May 2017

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**