# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
|---|---|---|
|  | * |  |
| versus | * | No. 15-76 |
|  | * |  |
| ERNESTO MORENO | * | SECTION "L" |

## ORDER AND REASONS

Before the Court is Petitioner Ernesto Moreno's motion for compassionate release. R. Doc. 498. The government opposes the motion. R. Doc. 509. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

## I. BACKGROUND

On October 8, 2015, a federal Grand Jury returned a Second Superseding Indictment charging Ernesto Moreno ("Mr. Moreno") and five co-defendants with conspiring to distribute and possessing with the intent to distribute 500 grams or more of methamphetamine in violation of the Federal Controlled Substances Act. R. Doc. 100. After his arrest, Mr. Moreno pled not guilty on May 2, 2016. R. Docs. 149, 192. On the day his trial was to begin, June 26, 2017, Mr. Moreno changed his plea to guilty and was adjudged guilty. R. Docs. 304, 319. On December 20, 2017, the Court sentenced Mr. Moreno to a term of 372 months' imprisonment in the custody of the Bureau of Prisons ("BOP") followed by seven years of supervised release. R. Doc. 449 at 56-57. Mr. Moreno is currently incarcerated at FCI Victorville Medium II with a projected release date of December 2, 2042.

## II. PRESENT MOTIONS

On February 12, 2021, Mr. Moreno filed the instant *pro se* motion for compassionate

1

release. R. Doc. 498. Mr. Moreno argues that extraordinary and compelling circumstances warrant his release because prison staff have failed to follow COVID-19 precautions, putting him and other inmates at risk and causing him to contract COVID-19 in December of 2020. *Id.* at 2-3, 6. Mr. Moreno contends that the prison's response to COVID-19 has caused him to spend long periods of time isolated in his cell for a year. *Id.* at 6. He argues that these difficult circumstances violate the Eighth Amendment's protection against cruel and unusual punishment and represent "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

The Government opposes Mr. Moreno's motion for compassionate release. R. Doc. 509. The Government argues that Mr. Moreno has not shown extraordinary and compelling reasons for release because the BOP has taken sufficient precautions against COVID-19, Mr. Moreno has already recovered from COVID-19, and Mr. Moreno has not shown that he is at risk for serious complications from the disease. *Id.* at 1-6, 16-24. The Government also argues that Mr. Moreno has not proven that he does not pose a danger to the community and that other factors under 18 U.S.C. § 3553(a) weigh against his release. *Id.* at 24-28. The Government points out that Mr. Moreno is considered to have a medium-level risk of recidivism, has other drug-related convictions, and was involved in an assault on another inmate while incarcerated. *Id.* at 25. The Government also notes that Mr. Moreno has only served five and a half of the thirty-one years of his sentence. *Id.* at 27.

### III. LAW & DISCUSSION

#### a. Exhaustion of Administrative Remedies

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the

2

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c). The Court finds that Mr. Moreno has satisfied this requirement. Mr. Moreno avers that he petitioned his warden for release and waited over 30 days for the warden's response before filing his motion. R. Doc. 498 at 3.

### b. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) provides that a district court may grant a sentence reduction if

(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement has not yet been amended to reflect the First Step Act of 2018, the policy statement remains instructive to the Court's determination of whether extraordinary and compelling reasons warrant a sentence modification. *See United States v. Reed*, 464 F. Supp. 3d 854, 860 (E.D. La. 2020) (Fallon, J.) (analyzing the discrepancy between the Sentencing Commission's policy statement and the First Step Act). In relevant part, the policy statement explains that an extraordinary condition exists if the defendant suffers from a terminal illness or another "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 cmt. 1(a).

In cases where an inmate's motion is premised on the ongoing global outbreak of COVID-19, courts typically require an inmate to demonstrate "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *James*, 2020 WL 3567835 (quoting *United States v. Feiling*, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases)). "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.23." *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (quoting *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)). Indeed, if general concerns about COVID-19 constituted extraordinary and compelling reasons, all incarcerated individuals would qualify for compassionate release.

Mr. Moreno does not claim to have been diagnosed with underlying conditions that would make him particularly susceptible to a serious case of COVID-19. R. Doc. 498. He does not allege that his previous infection with COVID-19 has left serious long-term effects, only alluding to a "risk of future complications." *Id.* at 3. Though it is unfortunate that weaknesses in BOP's precautions against COVID-19 may have allowed Mr. Moreno to become infected, the Court finds that Mr. Moreno has not shown that his fears go beyond general concerns about COVID-19. Moreover, Mr. Moreno's prior recovery from COVID-19 suggests that he can withstand the virus and may have some immunity to it.[1] Therefore, Mr. Moreno has not demonstrated extraordinary and compelling reasons for compassionate release.

### c. Danger to the Community

A defendant seeking compassionate release must also demonstrate that he "is not a danger

---

[1] The Court also notes the Government's assertion that BOP began administering COVID-19 vaccines to inmates and staff several months ago. R. Doc. 509 at 1-2.

to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[2] U.S.S.G. 1B1.13. The Court notes the Government's assertions that Mr. Moreno has other drug-related convictions and was the leader of a group that distributed methamphetamine and other drugs across the United States. R. Doc. 509 at 25. The court further notes that Mr. Moreno has been involved in an assault while incarcerated. *Id.* Finally, the Court notes that Mr. Moreno has served less than a quarter of the sentence he received. With those considerations in mind, the Court finds that Mr. Moreno has not shown that his early release would not pose a danger to the community.

### d. Section 3553(a) Factors

Finally, the Court must be satisfied that Mr. Guyot's release is supported by the factors set forth in 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence, and the variety of sentences available.

The Court finds that these factors do not support Mr. Moreno's early release. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" weigh against Mr. Moreno because he was centrally involved in a major drug-distribution network and is a repeat offender. 18 U.S. C. § 3553(a)(1); R. Doc. 509 at 25. "[T]he need for the sentence imposed—to reflect the seriousness of the offense . . . afford adequate deterrence to criminal conduct . . . [and] to protect the public . . ." weigh against Mr. Moreno because he has served only a small portion of his sentence, such that early release would inherently impede these purposes. 18 U.S.C. § 3553(a)(2). As the Fifth Circuit has noted, courts have largely granted compassionate

---

[2] Section 3142(g) requires the court to consider certain factors, including the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature of seriousness of the danger to a person or the community at large posed by petitioner's release. 18 U.S.C. § 3142(g).

release to "defendants who have already served the lion's share of their sentences." *United States v. Thompson*, No. 20-40381, 2020 WL 37493, at *3 (5th Cir. Jan. 5, 2021). That is not the case for Mr. Moreno.

The remaining factors—"the kinds of sentences available," "the kinds of sentence and the sentencing range established for . . . the applicable category of offense," and "any pertinent policy statement"—do not provide support for Mr. Moreno's early release. 18 U. S. C. § 3553(a)(3)-(5). Thus, the factors under § 3553(a) weigh against Mr. Moreno's early release.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for compassionate release, R. Doc. 498, is **DENIED**.

New Orleans, Louisiana, on this 28th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE